**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **R. JOSEPH DELMEDICO,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **TOWN OF BETHANY BEACH,** | : | |
| **a municipal corporation of the** | : | |
| **State of Delaware;** | : | |
| **CHIEF MICHAEL REDMON,** | : | **C.A. No.** |
| **both individually and in his official** | : | |
| **capacity as the Chief of the Bethany** | : | |
| **Beach Police Department;** | : | |
| **JOANNA ROBERTSON, an** | : | |
| **individual residing in the state of** | : | **Trial by Jury Demanded** |
| **Delaware; and RALPH MITCHELL,** | : | |
| **both individually and in his official** | : | |
| **capacity as the Public Safety Director** | : | |
| **for the town of Bethany Beach,** | : | |
| | : | |
| **Defendants.** | : | |

**COMPLAINT**

1. This is a civil action for compensatory and punitive damages and for injunctive relief for retaliatory violations of the Free Speech and Petition clauses of the First Amendment of the United States Constitution.  It is also an action for unlawful arrest under the Fourth Amendment of the United States Constitution.  The defendants made an unreasonable seizure of the person of plaintiff and/or publicly and through various media outlets falsely indicated that plaintiff acted like a criminal when such was not the case.

**I. <u>JURISDICTION</u>**

2. The jurisdiction of this Court is invoked pursuant to 28 <u>U.S.C.</u> §1331, § 1343(a)(3), § 1343(a)(c),and (4), 28 <u>U.S.C.</u> §§ 2201 and 2202, and the First, Fourth and  Fourteenth

Amendments to the U.S. Constitution.  The cause of action arises under 42 U.S.C. § 1983.  The claims arose in this judicial district.

## II.  THE PARTIES

3.  Plaintiff is a citizen of the United States with houses in both Delaware and Maryland. His house in Delaware is located at 316 Wellington Parkway, Bethany Beach, DE 19930.

4.  Defendant Chief Michael Redmon ("Redmon") at all times material hereto and currently has been the Chief of the Bethany Beach Police Department ("BBPD").  He is sued both individually and in his official capacity.  He currently resides at 212 Heronwood Lane, Milton, DE 19968.

5.  Defendant Joanna Robertson, formerly Reynolds, at all times material hereto was  a police officer for the Town of Bethany Beach.  She also functioned as the officer in charge of media relations for the BBPD.  She resigned from the force during the summer of 2006. Presently, she resides at 107 Spruce Drive, Sylvan Acres, Milton, DE 19968.

6.  Defendant Town of Bethany Beach ("Town") is a municipality located in Sussex County, Delaware.  It's Town Hall is located at 214 Garfield Parkway, Bethany Beach, DE 19930.

7.  Defendant Ralph Mitchell is the Public Safety Director  for the Town.  He is sued both individually and in his official capacity.  He resides at 18 Haven Drive, Georgetown, Delaware, 19947-2700.

## III.  FACTS GIVING RISE TO THE ACTION

### A. Plaintiff's First Amendment Protected Speech to the Government.

8.  Plaintiff owns a house at 316 Wellington Parkway, Bethany Beach, Delaware.

-2-

Wellington Parkway is a narrow street which becomes more narrow as one travels on it towards Route 361.

9.  Plaintiff noticed that mobile homes were transported by truck down Wellington Parkway.  This created unsafe conditions for the residents of Wellington Parkway and dangerous conditions for automobiles lawfully parked in the street.  It also caused dangerous conditions for the mobile homes and transporting truck.  In addition, the people transporting the mobile homes removed reflective markers and other lawn items including, but not limited to, mailboxes, without properly putting them back.

10.  On or about March 1, 2004, plaintiff in writing notified Town Council and the Town administrative apparatus of the problems relating to the practice of transporting of mobile homes down Wellington Parkway.

11.  The individual defendants became aware that plaintiff notified the Town about this problem.

12.  The individual defendants bore animosity towards plaintiff because he spoke up about the fact that mobile homes were being transported along Wellington Parkway.

13.  On or about April 21, 2004, plaintiff received a letter from the Town indicating that in the future mobile homes will be routed through Oakwood Street instead of Wellington Parkway.

### B. January 11, 2005 - Plaintiff Tries to Stop

### Another Mobile Home From Traveling on Wellington Parkway.

14.  So on or about January 11, 2005, at approximately 9:30 a.m. plaintiff was surprised to see a worker picking up one of his lawn ornaments to make way for a diesel rig

transporting a mobile home down his street. He ran down his driveway to catch the truck before it got too far, gestured with his arms to gain the attention of the driver, and shouted to be heard above the roar of the diesel engine.

15.  Once he gained their attention, plaintiff explained to the driver and crew that an alternative route, Oakwood Street, had been dedicated as a route for such transport. He asked them not to drive over his driveway. After gaining assurances that the driver would back up, plaintiff stepped back from the road to the apron of his driveway.

16.  Plaintiff turned to face the same direction as the truck faced, and watched the ground crew worker give hand signals to the driver to move the truck *forward* instead of backward. The driver then drove the truck *forward* instead of backward.

17.  There was a covered steel beam or bar protruding from the left side of the rig. It was a dull graphite gray, similar to the color of the asphalt and not easily noticed. The bar struck plaintiff at the small of his back and propelled him forward several feet. He saw the ground crew worker stare at him with a sardonic smile. The ground crew worker continued to signal the driver to drive *forward*. It was apparent the ground crew worker and the driver never planned to back up at all.

18.  After being forcibly pushed about ten feet, plaintiff was able to veer off to the left and out of the way. He went to his house to phone the police. Upon entering his home, he sensed he was hurt and too shaky to call the police. He realized he did not know the name or the license of the rig, so he painstakingly went back outside, got into his car, and drove around the block to the intersection of Oakwood and Kent, but the intersection was blocked with utility line vehicles. He returned home, and phoned the police.

19.  As a result of being hit by the steel beam, plaintiff suffered a fracture of his sacrum.

20.  At approximately 9:45 a.m., defendant Robertson and another police officer arrived.

21.  Plaintiff explained what had happened to Robertson, who was leading the investigation. He also told her that he had received a letter from the Town indicating that mobile homes would no longer travel on his street.  Robertson acted as if she did not believe him.

22.  The police photographed the injury on plaintiff's back and then left.

23.  Later in the morning, at approximately 11:30 a.m. Robertson returned to Wellington Parkway with Town employee John Eckrich to measure the town right of way.  She also brought a man in a black pickup truck, who stood behind his pickup truck's driver's side door and leaned forward to hear the conversation.  When asked, Robertson refused to identify the man, who apparently worked for the company whose vehicle hit me.  Instead, she said that she was in charge of this investigation and she would ask the questions.

24.  Robertson then loudly accused plaintiff of lying about the incident.  She warned plaintiff that he was making serious charges against the movers and threatened plaintiff, stating that he could be arrested for disorderly conduct.  Robertson did not arrest plaintiff at that time, however.

25.  On or about 1:00 p.m. plaintiff phoned the police station and asked for Chief Redmon.  Defendant Mitchell spoke with plaintiff, telling him that he has a new position maintaining relations between the police and the townspeople and that he is the person plaintiff should talk to.  Mitchell was very familiar with the incident and incorrectly claimed that plaintiff did not answer Robertson's questions when she returned to the house to question plaintiff. Among other things, plaintiff told Mitchell that he believed that Robertson has an irrational bias

against him.  He asked for a face to face meeting with Mitchell and Chief Redmon.  Mitchell

scheduled the meeting for January 13, 2005.

### C. January 12, 2005 - Unlawfully Arrested.

26.  On or about January 12, 2005, at 6:00 a.m. Robertson and another police officer

pounded on the glass of plaintiff's front door with the butts of their flashlights in the dark and

announced that they have a warrant.  After yelling, "I'm coming in!" Robertson forcibly opened

the door so hard that it swung clear around and crashed into plaintiff's keepsake furniture.  Once

in the house, she bumped herself against plaintiff in an effort to incite resistance on his part.  She

threw the French door open so hard that it swung clear around and crashed into the stools at the

kitchen counter.  She ordered plaintiff to dress and standed immediately next to his bed while he

dressed himself.  She refused to allow plaintiff time to brush his teeth, find his wallet, or even

relieve the dog.

27.  Robertson transported plaintiff to the police station in her police vehicle.  While in

transit, plaintiff asked Robertson to please turn down the volume on the rear speakers, which

were playing rock and roll.  Instead, she slammed the plexiglass partition between the front and

rear seats and then turned up the volume even higher.

### D. Defendants Disseminate Retaliatory Statements to the Media.

28.  On the same day, in an effort to further intimidate, harass and besmirch plaintiff,

Robertson issued a press release.  Among other things, the press release omits the facts that the

incident occurred on plaintiff's driveway, that plaintiff was injured as a result of the incident,

and that plaintiff was the person who actually called the police.

29.  On or about January 19, 2005, a news article extremely damaging to plaintiff's

reputation appears in a widely-read local newspaper, *The Wave*, based on the press release.

30.  On or about February 4, 2005, another news article damaging to plaintiff's reputation appears in a second widely-read local newspaper, the *Coastal Point*, quoting defendant Mitchell.

31.  Due to the press release and defendants' statements to the press, the news articles inaccurately state the facts.

### E.  The Criminal Case Against Plaintiff Lacked Merit.

32.  On or about April 7, 2005, the Prosecutor entered a *Nolle Prosequi*, effectively and correctly terminating the criminal proceeding against plaintiff.  The reason given by the Prosecutor in the notice was that the case lacked prosecutive merit.

### IV.  CAUSAL CONNECTION.

33. There is a causal link between First Amendment protected activities of speaking out on matters of public concern and/or plaintiff's petitioning the government and the adverse action taken against plaintiff.

34.  First Amendment protected activity and/or plaintiff's petitioning the government was a substantial or motivating factor in the adverse action taken against plaintiff.  The natural probative force of the evidence demonstrates causation.

35.  Any non-retaliatory reasons cited by the defendants to defeat causality are a pretext.

36.  As a direct and proximate result of the actions of the defendants as detailed herein, plaintiff has suffered and is suffering diminished earning capacity now and in the future, decreased employment and earnings opportunities, and other pecuniary losses, emotional pain, suffering, disappointment, anger, inconvenience, mental anguish, loss of enjoyment of life, mental and physical pain, anguish, humiliation, embarrassment, injury to reputation, and other

non-pecuniary losses and injury.

37. For example, plaintiff would like to obtain a job with the government in the intelligence business with high level security clearance. The fact that he was arrested and/or the fact that it was reported that he was arrested will cause him to be unable to obtain a job in the intelligence community, irrespective of the fact that the prosecutor recognized that the case had no merit and agreed to a *nolle prosequi.*

## V. ALLEGATIONS REGARDING THE DEFENDANTS' CONDUCT

38. The individual defendants' actions violated clearly established federal constitutional rights of which any reasonable official would have known, including more than three decades of Supreme Court and Third Circuit case law prohibiting retaliation against citizens for protected speech, filing petitions with the government, and unlawful arrest.

39. At all times material hereto the individual defendants participated in, authorized, and sanctioned the federal constitutional deprivations described above which illegally retaliated against plaintiff.

40. At all times material hereto the individual defendants and their agents were acting under color of law. The federal constitutional deprivations described herein are fairly attributable to the Town.

41. The actions of the defendants and their agents or employees were deliberately, intentionally, willfully, purposefully, and knowingly done in violation of federal constitutional rights and because of the exercise of those rights. The defendants either knew or showed a negligent or reckless disregard for the matter of whether their conduct violated federal constitutional rights. Their actions were outrageous and taken with evil motive, in bad faith, out

of personal animus and without any reasonable grounds to support them.  Their actions were

wanton and malicious or taken with reckless indifference as to federal constitutional rights and

as to the truth.  The exercise of rights under the U.S. Constitution made a difference in all actions

adverse to plaintiff.  The exercise of these rights was a motivating or determinative factor in all

actions adverse to plaintiff.

42.  The defendants did not reasonably believe that the actions they took were necessary

to accomplish any legitimate governmental purpose.

43.  The individual defendants' actions violated clearly established federal constitutional

rights of which any official would have known.

44.  The defendants' actions were motivated by bias, bad faith, and improper motive.

45.  The defendants' actions constitute an abuse of governmental power.

46.  The defendants' actions do not further any narrowly drawn important, substantial or

compelling governmental interest.

47.   The defendants' actions are not so reasonable as to further any governmental interest

asserted and do not closely fit the goal of serving those governmental interests.

48.  The actions of the defendants were taken pursuant to Town policies, customs and/or

practices and/or were authorized, sanctioned, implemented, permitted, and/or ratified by officials

functioning at a policy making level.

## COUNT I - FREE SPEECH CLAUSE RETALIATION

49.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in

full.

50.  The defendants took action adverse to plaintiff as a direct and proximate result of

and in retaliation for plaintiff's First Amendment protected speech on matters of public concern.

51. There is a temporal and causal relationship between plaintiff's aforementioned protected speech and conduct, and adverse action.

52. First Amendment protected activity was a substantial or motivating factor in the adverse employment action.

53. As a direct and proximate result of the actions of the defendants as detailed herein, plaintiff has suffered and is suffering diminished earning capacity now and in the future, decreased employment and earnings opportunities, and other pecuniary losses, emotional pain, suffering, disappointment, anger, inconvenience, mental anguish, loss of enjoyment of life, mental and physical pain, anguish, humiliation, embarrassment, injury to reputation, and other non-pecuniary losses and injury.

54. Plaintiff's constitutional right to freedom of speech has been denied under the First Amendment of the U.S. Constitution and 42 U.S.C. § 1983.

## COUNT II - PETITION CLAUSE RETALIATION

55. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

56. The defendants took action adverse to plaintiff as a direct and proximate result of and in retaliation for plaintiff's petitioning of the government by sending a letter to the Town complaining about the unsafe, unreasonable, and dangerous passing through of traffic of mobile homes on Wellington Parkway.

57. There is a temporal and causal relationship between plaintiff's aforementioned protected speech and conduct, and the adverse action taken against plaintiff.

58. First Amendment protected activity was a substantial or motivating factor in the adverse employment action.

59. The defendants cannot prove by a preponderance of the evidence that absent a constitutional violation they would have taken adverse action against plaintiff.

60. As a direct and proximate result of the actions of the defendants as detailed herein, plaintiff has suffered and is suffering diminished earning capacity now and in the future, decreased employment and earnings opportunities, and other pecuniary losses, emotional pain, suffering, disappointment, anger, inconvenience, mental anguish, loss of enjoyment of life, mental and physical pain, anguish, humiliation, embarrassment, injury to reputation, and other non-pecuniary losses and injury.

61. Plaintiff's constitutional right to petition the government has been denied under the First Amendment of U.S. Constitution and 42 U.S.C. § 1983.

## COUNT III - UNLAWFUL ARREST

62. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

63. Defendants illegally arrested plaintiff.

64. As a direct and proximate result of the actions of the defendants as detailed herein, plaintiff has suffered and is suffering diminished earning capacity now and in the future, decreased employment and earnings opportunities, and other pecuniary losses, emotional pain, suffering, disappointment, anger, inconvenience, mental anguish, loss of enjoyment of life, mental and physical pain, anguish, humiliation, embarrassment, injury to reputation, and other non-pecuniary losses and injury.

65.  Plaintiff's constitutional right to be free from unreasonable seizure of his person by the government has been denied under the Fourth Amendment of the U.S. Constitution and 42 U.S.C. § 1983.

**WHEREFORE**, plaintiff prays that the Court:

A.    Enter judgment against the defendants.

B.    Enter a declaratory judgment declaring the acts of the defendants to be a violation of plaintiff's constitutional rights.

C.    Enter a judgment against defendants, both jointly and severally,  for compensatory damages, including but not limited to, lost wages, back pay, benefits, for future lost wages or front pay, loss of earning capacity, emotional pain and suffering, humiliation, embarrassment, and injury to reputation.

D.    Enter a judgment against individual defendants, both jointly and severally, for punitive damages.

E.    Award plaintiff costs, pre and post judgment interest and attorneys' fees for this action.

F.    Issue a reparative injunction requiring the defendants to notify everyone who learned of defendants' treatment of plaintiff that their conduct was illegal and that they wrongfully and falsely defamed Plaintiff.

G.    Enjoin the defendants from retaliating against plaintiff now or in the future.

H.    Issue a reparative injunction directing that individual defendants issue

public written apologies to plaintiffs and run their apologies in all of the

various media outlets who learned of Defendants' treatment of Plaintiff.

I.    Award plaintiffs attorneys' fees, costs and pre and post judgment interest

for this action.

J.    Require such other and further relief as the Court deems just and proper

under the circumstances.


Respectfully Submitted,

R. Joseph DelMedico, *pro se*
316 Wellington Parkway
Bethany Beach, DE 19930

Dated: January 11, 2007

-13-

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

R. Joseph DelMedico

**DEFENDANTS**

Chief Michael Redmon, PFC Joanna Robertson, Ralph Mitchell and Town of Bethany Beach

**(b)** County of Residence of First Listed Plaintiff    Sussex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed    Sussex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
R. Joseph DelMedico, *pro se*
316 Wellington Parkway
Bethany Beach, DE 19930

Attorneys (If Known)

**II. BASIS OF JURISDICTION**    (Place an "X" in One Box Only)

- ☐ 1   U.S. Government Plaintiff
- X 3   Federal Question (U.S. Government Not a Party)
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| | | | & Disclosure Act | | Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | | Determination Under |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | Equal Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | X 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | ☐ 871 IRS—Third Party | State Statutes |
| | | ☐ 550 Civil Rights | | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN**    (PLACE AN "X" IN ONE BOX ONLY)

- X 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from another district (specify)
- ☐ 6   Multidistrict Litigation
- ☐ 7   Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**    (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. § 1983 violations of Free Speech and Petition clauses of the First Amendment of the U.S. Constitution and unlawful arrest under the Fourth Amendment of the U.S. Constitution.

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
   **JURY DEMAND:**    ☐ Yes    ☐ No

**VIII. RELATED CASE(S) IF ANY**    (See instructions):    JUDGE      DOCKET NUMBER

DATE   1/10/07    SIGNATURE OF ATTORNEY OF RECORD   *R. Joseph DelMedico by Thomas S. Neuberger, Esq*

FOR OFFICE USE ONLY

RECEIPT # \_\_\_\_\_   AMOUNT \_\_\_\_\_   APPLYING IFP \_\_\_\_\_   JUDGE \_\_\_\_\_   MAG. JUDGE \_\_\_\_\_

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _0 7 - 0 1 6_

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____4____ COPIES OF AO FORM 85.

JAN 1 0 2007

(Date forms issued)

*Cheryl Hertzog*, on behalf of *R. Joseph Delmedico*
(Signature of Party or their Representative)

*Cheryl Hertzog*, on behalf of R. Joseph Delmedico
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

RE:   C.A.#   0 7 - 0 1 6

CASE CAPTION: _Delmedico_     v. _Town of Bethany Beach, etal_

## ACKNOWLEDGMENT OF RECEIPT FOR F.R.Civ.P. 4

I hereby acknowledge receipt of a copy of Rule 4 (Summons) of the Federal
Rules of Civil Procedure, and understand that it is my responsibility to make service of
process on defendants in accordance with this rule.

Date Received          JAN 1 0 2007      Signed: _Cheryl Hertzog, on behalf_
by Plaintiff:                                     Pro Se Plaintiff _of R. Joseph_
                                                       _Delmedico_

Date Received   JAN 1 0 2007   Signed: _Curtte Walsan_
by Clerk's office:                          Deputy Clerk

Note: If you received Federal Rule 4 by mail, please sign this receipt and return it to:

Clerk
U.S. District Court
844 N. King Street          If applicable, Rule 4 mailed to plaintiff:
Lockbox 18
Wilmington, DE 19801
                                  _____
                                        Date mailed

                                  _____
                                      By Deputy Clerk

cc: Docketing Clerk

wp\forms\rule4receipt 2-04